```
                                                    ┌─────────────────────────────┐
                                                    │         FILED               │
                UNITED STATES BANKRUPTCY COURT       │       OCT 09 2018           │
                                                     │                             │
                EASTERN DISTRICT OF CALIFORNIA       │ UNITED STATES BANKRUPTCY COURT│
                                                     │  EASTERN DISTRICT OF CALIFORNIA│
                                                     └─────────────────────────────┘
```

1

2

3  In re:                        )    Case No. 16-26421-B-7

4  PHILLIP GEORGE SCIACCA,        )    DC No. EJN-1

5                                )

6                   Debtor(s).    )

7  _____)

8  **MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION**

9

10 **Introduction**

11       The court has before it a *Motion for Reconsideration* filed

12 by debtor Phillip George Sciacca.  Docket 71.  The motion is

13 opposed by creditors John Rice and Rosanna Bullis.  Docket 74.

14 The debtor moves for reconsideration of an order entered on

15 September 19, 2018, granting the chapter 7 trustee's motion to

16 sell the estate's interest in nonexempt equity in a vehicle and

17 motorcycle belonging to the debtor and approving the overbid sale

18 of that nonexempt equity to creditors Rice and Bullis.  Docket

19 68.  A hearing on the reconsideration motion was held on October

20 9, 2018.  Appearances were noted on the record.

21       This memorandum and order constitutes the court's findings

22 of fact and conclusions of law pursuant to Federal Rule of Civil

23 Procedure 52(a) applicable by Federal Rules of Bankruptcy

24 Procedure 7052 and 9014(c).  For the reasons explained below, the

25 reconsideration motion will be denied.

26

27 **Background**

28       The debtor filed a voluntary chapter 7 petition on September

27, 2016.  Docket 1.

On June 6, 2018, the chapter 7 trustee filed a *Notice of Intent to Sell Equity in Assets* in which the trustee noticed an intent to sell the estate's interest in nonexempt equity in the debtor's 2005 Dodge Ram 3500 Quad Cab and 2008 Harley-Davidson Dyna to the debtor for $4,800.00.  Docket 50.  On July 6, 2018, creditors Rice and Bullis timely objected to that disposition, offered to pay more than $4,800.00 for the assets' nonexempt equity, and suggested that a sale of the nonexempt equity occur through a court auction.  Docket 52.  Creditors' objection was served on the debtor and his attorney.  Docket 53.

Creditors' objection caused the trustee to file a motion under § 363(b) to sell the assets' nonexempt equity to the debtor, subject to overbids.  Docket 61.  The debtor's attorney and the trustee agreed to a $4,800.00 sales price for the nonexempt equity, Docket 63 at ¶¶ 5 & 6, calculated as follows:

```
Value of Dodge:        $15,500.00
Less: Lien             ($11,349.00)
Less: Exemption        ($ 3,050.00)
Net Equity:            $ 1,101.00

Value of Harley:       $ 7,000.00
Less: Lien             ($ 3,539.00)
Net Equity:            $ 3,461.00

Total Net Equity:      $ 4,562.00
```

Docket 61, ¶ 5.

A hearing on the sale motion was held on September 18, 2018. Docket 69.  Notice of the hearing and the sale motion were served on the debtor and his attorney.  Docket 65.  Neither the debtor nor his attorney contested the sale motion or a sale subject to overbids.  Docket 71, ¶ 26.  And neither the debtor nor his attorney appeared at the sale motion hearing.  Dockets 67 & 69.

- 2 -

1    Creditors Rice and Bullis appeared at the sale motion
2  hearing and, through their attorney, submitted an in-court
3  overbid for the assets' nonexempt equity equal to the amount of
4  the proposed sales price to the debtor, an exemption in one of
5  the assets claimed by the debtor, and $1.00.  Id.  The trustee
6  accepted creditors' overbid in open court and the court approved
7  the sale on the overbid terms on the record.  Id.
8    The following day, September 19, 2018, the court entered an
9  order granting the sale motion and approving the sale of the
10 assets' nonexempt equity to creditors Rice and Bullis as
11 legitimate overbidders.  Docket 68.  The sale was "'as-is,'
12 without warranty, and subject to existing liens and claims other
13 than any valid exemption claim of the Debtor[.]"  Id., ¶ 2.  In
14 addition to the assets, the court also ordered the debtor to
15 deliver to creditors Rice and Bullis "relevant certificates of
16 title and certificates of registration[.]"  Id. at ¶ 6.
17   The debtor moved for reconsideration of the sale motion
18 order on September 25, 2018, six days after the order was
19 entered.  Docket 71.  The debtor requests reconsideration of the
20 overbid sales price.  Id.  He also asserts that the overbid sales
21 price deprives him of the benefit of postpetition payments
22 applied to reduce liens on the assets.  Id.
23
24 **Applicable Standard**
25   Filed within fourteen days of the entry of the sale motion
26 order, the reconsideration motion is governed by Civil Rule 59(e)
27 which is applicable by Bankruptcy Rule 9023.  First Ave. West
28 Building, LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558,

- 3 -

561-62 (9th Cir. 2006); <u>In re Zinnel</u>, 2012 WL 8022513, *1-2
(Bankr. E.D. Cal. 2012). There are four grounds on which a Civil
Rule 59(e) motion may be granted: (i) to correct manifest errors
of law or fact upon which the judgment rests; (ii) to present
newly discovered or previously unavailable evidence; (iii) to
prevent manifest injustice; or (iv) if amendment is justified by
an intervening change in controlling law. <u>Allstate Ins. Co. v.
Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending an order
under Civil Rule 59(e) is "an extraordinary remedy which should
be used sparingly." <u>Id.</u> More important, a motion under Civil
Rule 59(e) may not be used to raise arguments or present evidence
for the first time that could have been raised or presented
earlier in the litigation. <u>Kona Enter., Inc. v. Estate of
Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

**Discussion**

<u>Debtor's Standing</u>

    Creditors Rice and Bullis dispute the debtor's standing to
move for reconsideration of the sale motion order. A chapter 7
debtor lacks standing to object to the trustee's sale of assets
*unless* the estate is or may be a surplus estate, <u>Duckor Spradling
& Metzger v. Baum Tr. (In re P.R.T.C., Inc.)</u>, 177 F.3d 774, 778
n.2 (9th Cir. 1999), or the sale detrimentally affects the
debtor's rights or interests. <u>In re Catron</u>, 2016 WL 738324, *2
(N.D. Cal. 2016); <u>In re Coonrod</u>, 2010 WL 5256808, *2 (Bankr. D.
Idaho 2010). Inasmuch as the debtor asserts that the sale of the
assets' nonexempt equity adversely affects postpetition payments
and liens, the court assumes the debtor has standing.

- 4 -

1  <u>Untimely and Forfeited Arguments</u>

2       At a minimum, the reconsideration motion is improper and

3  untimely because it makes arguments and asserts claims that could

4  (and should) have been raised before the sale motion was decided

5  and the order approving the overbid sale to creditors Rice and

6  Bullis was entered.  More to the point, the arguments and claims

7  now made for the first time in the reconsideration motion are

8  forfeited.  Indeed, the circumstances in which the debtor finds

9  himself are not unlike those the Ninth Circuit very recently

10 confronted in <u>Reid and Heller, APC v. Laski (In re Wrightwood</u>

11 <u>Guest Ranch, LLC)</u>, 896 F.3d 1109 (9th Cir. 2018).

12      In <u>Wrightwood Guest Ranch</u>, the Ninth Circuit held that two

13 law firms forfeited their own arguments and claims regarding the

14 propriety of a settlement order because neither law firm objected

15 to the settlement or attended the hearing to approve the

16 settlement in their own capacities.  <u>Id.</u> at 1113; <u>see also</u> <u>United</u>

17 <u>Student Aid Funds, Inc. v. Espinosa</u>, 130 S.Ct. 1367, 1380 (2010)

18 ("United therefore forfeited its arguments . . . by failing to

19 raise a timely objection in [bankruptcy court].");  <u>Harkey v.</u>

20 <u>Grobstein (In re Point Center Financial, Inc.)</u>, 890 F.3d 1188,

21 1193 (9th Cir. 2018) ("Failure to attend and object may result in

22 waiver or forfeiture of the right to make certain arguments or

23 object to certain claims[.]");  <u>Samuel v. JPMorgan Chase Bank,</u>

24 <u>N.A. (In re Samuel)</u>, 2018 WL 36339047, *2 n.4 (9th Cir. BAP

25 2018).  The court rejected the law firms' arguments that they did

26 not need to object or appear on their in their own capacities

27 because the bankruptcy court was aware of their positions and

28 understood that they intended to object to the settlement,

1    stating that "[t]he record lacks any clear indication that either

2    [law firm] meant to object on its own behalf[,]" <u>Wrightwood Guest</u>

3    <u>Ranch</u>, 896 F.3d at 1113, and "neither firm filed a written

4    objection to the settlement or announced at the hearing that it

5    meant to object on its own behalf." <u>Id.</u> at 1114. The court

6    contrasted the circumstances before it in which the bankruptcy

7    court had no clear indication of the law firms' positions because

8    of the absence of an objection or appearance with those in <u>Point</u>

9    <u>Center</u>, <u>supra</u>, where the objecting party failed to appear at the

10   relevant hearing but acted quickly and filed a reconsideration

11   motion after the bankruptcy court orally announced its decision

12   and before a written order was entered thereby giving the

13   bankruptcy court some indication of the objecting party's

14   position. <u>Wrightwood Guest Ranch</u>, 896 F.3d at 1114 (discussing

15   <u>Point Center</u>, 890 F.3d at 1190-91, 1193)).

16       The debtor here knew that creditors Rice and Bullis intended

17   to appear at an in-court sale and overbid the initial sales price

18   of the assets' nonexempt equity. If the debtor had concerns

19   about the sales price, the amount of an overbid or the

20   relationship of an overbid to the assets' liens and postpetition

21   payments the debtor or his attorney very easily could (and

22   should) have addressed those issues in a written response to the

23   sale motion, appeared at the sale motion hearing and objected to

24   the terms of the overbid sale, or filed a written objection to

25   the sale before the sale motion order was entered.[1] In other

26   ────────────────────

27      [1]There is no evidence of circumstances beyond the control of
the debtor or his attorney that prevented either from responding

28   to the sale motion, objecting to the terms of the overbid sale,

1  words, the debtor and his attorney had at least three

2  opportunities to address the terms of the overbid sale and make

3  the court aware of the debtor's position on the assets' sale

4  before the sale motion order was entered and they availed

5  themselves of none.  In that regard, the arguments and claims now

6  made for the first time in the reconsideration motion are

7  untimely, improper, and forfeited.

8       Therefore, for all the foregoing reasons,

9       IT IS ORDERED that the debtor's motion for reconsideration

10  is **DENIED.**

11       IT IS FURTHER ORDERED that the debtor shall have **until 10:00**

12  **a.m. on Thursday, October 11, 2018,** to provide creditors Rice and

13  Bullis, or their attorney, with any and all original

14  registrations, title certificates, and license plates associated

15  with the vehicle and motorcycle assets referenced above that are

16  in the debtor's possession, custody, or control (which means

17  original registrations, title certificates, and license plates to

18  which the debtor has access either individually or in a

19  representative capacity as a member of a limited liability

20  company, or otherwise).

21       Dated: October 9, 2018.

22

23

UNITED STATES BANKRUPTCY JUDGE

24

25

26  or otherwise attending the sale motion hearing.  Rather, the

27  inaction of the debtor and his attorney appears to have resulted
from a misreading or misunderstanding of the sale motion.  <u>See</u>

28  Docket 71, ¶ 26.

- 7 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Dale A. Orthner
69 Lincoln Blvd #300
Lincoln CA 95648

Anthony Asebedo
11341 Gold Express Drive, #110
Gold River CA 95670

Joel T. Guthrie
PO Box 447
Yuba City CA 95992

Phillip George Sciacca
1002 Sibley St., Space 38
Folsom CA 95630